**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| CARL BLOESER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-02168 (ABJ) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

<u>**MEMORANDUM OPINION**</u>

Plaintiff Carl Bloeser, proceeding *pro se*, brought this action against the defendant U.S.

Department of Justice seeking the release of the documents he requested – "all records under my

name or social security number and/or any other form of identification" – under the Freedom of

Information Act, 5 U.S.C. § 552 (2006) ("FOIA") and the Privacy Act, 5 U.S.C. § 552a (2006).

Defendant has moved for summary judgment on the grounds that its searches have been adequate

but have failed to bear any fruit. [Dkt. #14]. Plaintiff opposes the motion, asserting his belief

that records about him have been relocated or destroyed. [Dkt. #34]. For the reasons stated

below, the Court will grant defendant's motion.

**I.      Background**

Plaintiff Carl Bloeser, a resident of Arizona, seeks review under FOIA and the Privacy

Act of defendant's response to a FOIA request submitted by plaintiff to the Office of Information

Policy ("OIP") at the Department of Justice on January 24, 2009. Attachment 4 to Compl.

("FOIA Request"). In his request, plaintiff sought "all records" under his name and social

security number maintained by either the Office of the Inspector General ("OIG") or the Office

of the Attorney General between January 1998 and January 24, 2009 – the date of the request. *Id.*

The Departmental Executive Secretariat is the official repository for records from the Office of the Attorney General.  Def.'s Statement of Material Facts ("Def.'s SMF") ¶ 3; Pustay Decl. ¶ 5.  OIP used two different database systems to search the Departmental Executive Secretariat – one encompassing all records between 1982 and 2000, and the other encompassing all records between 2001 and the present.  Def.'s SMF ¶ 4; Pustay Decl. ¶ 6.  OIP first conducted a search of both databases using plaintiff's name on January 28 and 29, 2009, pursuant to a prior FOIA request submitted by plaintiff, dated November 28, 2008.[1]  Def.'s SMF ¶¶ 5–6; Pustay Decl. ¶ 7, n. 3.  Upon receipt of plaintiff's FOIA request dated January 24, 2009, OIP again searched both databases on February 11 and 18, 2009.  Def.'s SMF ¶ 7; Pustay Decl. ¶¶ 8–9.  OIP wrote to the plaintiff in a letter dated February 20, 2009, that neither search using plaintiff's name had located any records identifiable to the plaintiff.  Def.'s SMF ¶ 9; Pustay Decl. ¶¶ 9; 10–11.

OIP also interpreted plaintiff's letter broadly as to include a similar FOIA request of OIG – a separate and distinct federal agency – and forwarded plaintiff's request to OIG for that agency to examine.  Def.'s SMF ¶ 11.  The files maintained by OIG are electronically searchable by the name of the subject or individual complainant.  Def.'s SMF ¶ 13; Waller Decl. ¶ 3.  OIG conducted a search of its records using plaintiff's name and successfully located five pages of documents from prior correspondence with plaintiff and released those documents to the plaintiff in a letter dated March 6, 2009.  Def.'s SMF ¶¶ 13–14; Waller Decl. ¶¶ 8–9.

---

[1]    This first search was conducted pursuant to separate FOIA request submitted by the Plaintiff dated November 28, 2008, requesting DOJ records pertaining to himself that had been released to the public.  That first request is not at issue in the present litigation.

On April 8, 2009, plaintiff filed an administrative appeal with the Director of OIP, stating his belief that records pertaining to him either existed or were destroyed.  Attachment 2 to Compl. ("FOIA Appeal").  Janice Galli McLeod, an OIP administrator, wrote to plaintiff on July 13, 2009, denying the appeal and finding that OIP had conducted an adequate and reasonable search.  Attachment 1 to Compl. ("McLeod Letter").  Plaintiff subsequently filed a complaint in the instant case and attached as evidence copies of five letters he has addressed to prior Attorneys General of the United States, with accompanying certified mail receipts showing confirmed delivery of each letter at the Department of Justice.  Compl. at 16–43.[2]

Defendant has subsequently moved for summary judgment pursuant to Fed. R. Civ. P. 56. Def.'s Mem. at 4.

## II.     Standard of Review

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009) (citations omitted).  To prevail in a FOIA action, an agency must demonstrate that it has made "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).  At the summary judgment phase, "an agency must set forth sufficient information in its affidavits for a court to determine if the search was adequate." *Nation Magazine, Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995), citing *Oglesby*, 920 F.2d at 68.  Such agency affidavits attesting to a reasonable search "are afforded a presumption of good faith," *Defenders of Wildlife v. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004), and "can be

---

2     The Court cites page numbers in the complaint because plaintiff did not label or distinguish certified mail receipts and letters attached as exhibits.

rebutted only 'with evidence that the agency's search was not made in good faith.'" *Id.*, quoting *Trans Union LLC v. Fed. Trade Comm'n*, 141 F. Supp. 2d 62, 69 (D.D.C. 2001).

To survive a motion for summary judgment, a plaintiff must set forth "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). In the FOIA context, "the sufficiency of the agency's identification or retrieval procedure" must be "genuinely in issue." *Weisberg v. Dep't of Justice*, 627 F.2d 365, 370 (D.C. Cir. 1980) (internal quotation marks omitted). Where the action is brought by a plaintiff proceeding *pro se*, "the court must take particular care to construe plaintiff's filings liberally, for such complaints are held 'to less stringent standards than formal pleadings drafted by lawyers." *Cheeks v. Fort Myer Constr.*, 722 F. Supp. 2d 93, 107 (D.D.C. 2010) (internal quotation marks omitted). However, plaintiff "cannot rebut the good faith presumption" afforded to an agency's supporting affidavits "through purely speculative claims about the existence and discoverability of other documents." *Brown v. U.S. Dep't of Justice*, 742 F. Supp. 2d 126, 130 (D.D.C. 2010) (citation and internal quotation marks omitted).

In any motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in his favor, and eschew making credibility determinations or weighing the evidence." *Montgomery v. Chao*, 546 F.3d 703, 706 (D.C. Cir. 2008). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). However, where a plaintiff has not provided evidence that an agency has acted in bad faith, "a court may award summary judgment solely on the basis of information provided by the agency in declarations." *Moore*, 601 F. Supp. 2d at 12.

The district court must "determine the matter *de novo*, and . . . the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

4

III.     **Analysis**

The purpose of FOIA is to require the release of government records upon request and to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia–Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999), quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).  To meet this burden, the agency may submit "affidavits or declarations that explain in reasonable detail the scope and method of the [agency's] search."  *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982). However, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

In the instant case, the defendant submitted a six page declaration of Melanie Pustay, the Director of OIP, that outlines the steps the agency took in response to plaintiff's request to comply with its obligations under FOIA.  Pustay Decl. ¶¶ 1–11.  In the absence of contrary evidence, such agency declarations are given a presumption of good faith and are generally sufficient to demonstrate an agency's compliance with its obligations under FOIA.  *Perry*, 684 F.2d at 127.  Here, OIP conducted keyword searches of multiple electronic databases on two separate occasions, due to the agency's receipt of at least two FOIA requests from plaintiff within a six month period, despite informing plaintiff that, in general, the Office of the Attorney General does not maintain files on individuals.  OIP Letter to Plaintiff, February 20, 2009, Attachment 3 to Compl.

OIP also interpreted plaintiff's mention of OIG in his FOIA letter as a request to forward his letter to OIG for a similar search.  Def.'s SMF ¶ 11; Putsay Decl. ¶ 3.  And OIG, upon receipt of plaintiff's request from OIP, conducted a search of its investigatory records.  Def.'s SMF ¶¶ 12–13; Waller Decl. ¶ 7.  OIG successfully located five pages of material that relate to a complaint that plaintiff had submitted to OIG in May of 2008 and released all of the pages to plaintiff in full.  Def.'s SMF ¶ 14; Waller Decl.  ¶¶ 8–9.

Plaintiff insists that records containing his name or social security number either exist within the agency's files or have been "relocated or destroyed."  Pl.'s Reply at 1.  Plaintiff has provided certified mail receipts accompanying copies of a number of letters he has written to past Attorneys General of the United States and stated his belief that such a letter "becomes part of the records of the offices to which it was sent."  *Id.* at 3.  Plaintiff further speculates that it is "reasonable . . . to assume . . . there might have been notations on what was received."  *Id.* at 4.

However, an agency's "failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records."  *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004).  *See also Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (holding that "the failure of an agency to turn up one specific document in its search does not alone render a search inadequate").  The fact that plaintiff has written on numerous occasions to senior management offices at the Department of Justice has no bearing on the issue of good faith on the part of the agency conducting the search.  *See Yeager v. DEA,* 678 F.2d 315, 321 (D.C. Cir. 1982) (noting that "[a] requester is entitled only to records that an agency has in fact chosen to create and retain").

To the extent that plaintiff can identify documents which he believes exist in a particular office within the Department of Justice, such identifying information should have been included as part of his original FOIA request in order to narrow the scope of the search requested. Because "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters," *Assassination Archives & Research Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), "it is the requester's responsibility to frame requests with sufficient particularity to . . . enable the searching agency to determine precisely what records are being requested." *Id*., citing *Yeager*, 678 F.2d at 315. As a general matter, "FOIA requests for *all* documents concerning a requester are too broad." *Dale v. I.R.S.*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002). And FOIA does not provide individuals with the right to demand "an all-encompassing fishing expedition" of files in every office within every federal law enforcement agency "at taxpayer expense." *Id.* at 105; *see also Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (request for "all correspondence . . . pertaining to the atrocities committed against plaintiffs . . . including, but not limited to, the files of [various government offices] . . . typifies the lack of specificity that Congress sought to preclude in the requirement of 5 U.S.C. § 552(a)(3) that records sought be reasonably described").

Plaintiff further contends that defendant has failed to identify statutory exemptions excusing the Attorney General from compliance with plaintiff's FOIA request. Pl.'s Reply at 4. Plaintiff argues that Attorney General's internal guidelines – limiting the range of cases in which DOJ will defend an agency's denial of a FOIA request to those in which disclosure is either prohibited by law or where disclosure would result in foreseeable harm – support his case against DOJ. *Id*. at 5. But those guidelines concern the grounds for the denial of FOIA requests and are

not relevant to the instant motion, which concerns requests that have been complied with through an adequate and reasonable search.

The Court is mindful that plaintiff is a *pro se* litigant whose arguments are to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Lasko v. U.S. Dept. of Justice*, 684 F. Supp. 2d 120, 127 (D.D.C. 2010).   However, speculative and conclusory assertions do not amount to "contradictory evidence in the record . . .  of agency bad faith." *Judicial Watch, Inc. v. Bd. of Governors of the Fed. Reserve Sys.*, 773 F. Supp. 2d 57, 60 (D.D.C. 2011); *see also SafeCard Serv., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (noting that "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search").  The Court concludes that the methods by which defendant has searched for responsive records were reasonable, appropriate, and fully in compliance with its obligations under FOIA, and that plaintiff has offered nothing more than mere speculation that additional records should have been uncovered.  *See, e.g.,* Pl.'s Reply at 1 ("[T]here might have been notations on what was received.").

## IV.    Conclusion

For the foregoing reasons, the Court grants defendant's motion for summary judgment. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: September 19, 2011